the liabilities of the assignor may be sued by the lessor ex contractu on his obligation.

■ "The assumption by an assignee of a lease of all the obligations and liabilities of the assignor, creates a privity of contract as well as privity of estate between the lessor and the assignee; so that * * * he remains liable on the covenants of the lease after an assignment over, just as if he were an original lessee, bound by express covenants." Thompson, supra, Sec. 1396, p. 524.

Corpus Juris states the principle as follows: "A liability resting upon privity of contract between the assignee . and the lessor is not terminated by a further assignment, as where the assignee has expressly assumed and covenanted in the assignment to perform the obligations of the lease." 35 C.J., Sec. 101, p. 999.

John R. Robinson, of Gadsden, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

It has been pointed out by competent authority that this principle is closely analogous to the rule allowing recovery by a mortgagee against the purchaser of mortgaged real estate where the purchaser thereof assumed the existing mortgage. Puget Mill Co. v. Kerry, 183 Wash. 542, 49 P.2d 57, 100 A.L.R. 1220, 1228. Our courts have repeatedly given approval to recovery in such cases. Some cases are, Peoples Sav. Bank v. Jordan, 200 Ala. 500, 76 So. 442; Scott v. Wharton, 226 Ala. 601, 148 So. 308; Burns v. Austin, 225 Ala. 421, 143 So. 824.

We think we have said enough to illustrate our view of the law and as guide for any desired future proceedings.

Reversed and remanded.

18 So.2d 695

### LAWSON v. STATE.
### 7 Div. 782.

Court of Appeals of Alabama.

June 27, 1944.

BRICKEN, Presiding Judge.

This appeal is from a judgment of conviction of arson in the second degree, and sentence of the accused to imprisonment in the penitentiary for a period of five years. The appeal is upon the record proper, only. There is no bill of exceptions.

■ The record is regular in all respects, and there is no insistence to the contrary. The only question to be considered by this court, is the action of the trial court overruling demurrers to the indictment, which originally contained two counts. Count 1 was nol prossed, therefore grounds of demurrer numbered one to six, inclusive, directed to the first count, need not be considered.

■ Demurrer to count two of the indictment based also upon six separate and distinct grounds were properly overruled. Said count pursues the language of the statute, and likewise follows in substance the form laid down in the Code. Code 1940, Tit. 15, § 259, form 10.

Affirmed.